UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN COOPER, #150423,

        Petitioner,

                                                  Case No. 13-CV-13299

v.

                                                  HON. MARK A. GOLDSMITH

RANDIE HASS,

        Respondent.

_____/

## ORDER DENYING APPOINTMENT OF COUNSEL
## AND SUMMARILY DISMISSING THIS CASE

On August 1, 2013, petitioner Steven Cooper, a state prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a request for appointment of counsel and a "brief on appeal," which the Clerk of this Court filed as a petition for the writ of mandamus. Petitioner alleges in his brief that he filed a "motion for fraud" in Wayne County Circuit Court and that Wayne County Circuit Judge James A. Callahan denied the motion on August 1, 2012, because the motion was a second or successive motion for relief from judgment. Petitioner claims that his motion was properly filed and that the state court should have considered its merits. He wants this Court to exercise superintending control over the state court and to remand this case to the state court for further proceedings.

Under 28 U.S.C. § 1361, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But this Court has no superintending control over a state court judge, nor the authority to issue a writ of mandamus to a state court judge.

Haggard v. Tenn., 421 F.2d 1384, 1386 (6th Cir. 1970) ("federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); Allen v. Hawley, 74 F. App'x 457, 461 (6th Cir. 2003) (concluding in a habeas corpus case that the court had no superintending control over a state trial judge despite the judge's injudicious behavior); Veneri v. Cir. Ct. of Gasconade Cnty., 528 F. Supp. 496, 498 (D.C. Mo. 1981) (explaining that "federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties").  Consequently, this action must be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted.  Cook v. Hinrichs, 500 F. Supp. 2d 1225, 1227 (D.S.D. 2007).  In addition, the request for counsel (Dkt. 2) is denied as moot.

SO ORDERED.

Dated: November 7, 2013　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2013.

　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　Case Manager